IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD KIMBROUGH, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION: 19-00059-KD-C |
| ) | |
| RIEDL LEUENSTERN GmbH ) | |
| MASCHINENBAU-UND ) | |
| STEUERUNGSTECHNICK ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on Plaintiff's "Motion for Leave to Amend Complaint" to add Mulheim Pipecoatings BmgH as a party Defendant (Doc. 44), and Defendant's response. (Doc. 46).

### I. Background

On March 1, 2018, Plaintiff Ronald Kimbrough (Kimbrough) initiated this case for workers compensation (Count I), AEMLD (Count II), negligence (Count III), wantonness (Count IV), and combined and concurring conduct (Count VI), by filing a complaint against defendants Berg Spiral Pipe Corp., Elevate! Workforce, Inc., Elwood Staffing Services, Inc., individual Ronald Green, and certain fictitious defendants, in the Mobile County Circuit Court (No. 02-CV-2018-900546). (Doc. 2-1). In May 2019, Kimbrough amended the complaint to add Infineon Technologies, AG as a Defendant, and in October 2018, Kimbrough again amended the complaint to add as a defendant Mulheim Pipe Coatings, GMbH (Mulheim). Litigation proceeded in state court, resulting in a January 11, 2019 order approving final settlement of the workers' compensation claim and dismissing such claims with prejudice as to certain defendants, but not Mulheim and not Green (the last remaining defendants).

Following the dismissal, on February 8, 2019, Mulheim removed this case to federal court within 30 days of receipt of the Mobile County Circuit Court's dismissal, basing removal on its

1

receipt of "other paper" from which it claims to have first ascertained that the case had become removable. (Doc. 2 at 3). Mulheim removed this case on the basis of federal diversity subject matter jurisdiction, as supplemented. (Docs. 1, 2, 3).

On April 16, 2019, Kimbrough filed an amended complaint, adding defendant Riedl Leuenstern GmbH Maschinenbau-und Steuerungstechnik (Riedl). (Doc. 20). On June 14, 2019, based on a joint motion for same, Mulheim was dismissed without prejudice as a defendant. (Doc. 27). Kimbrough now seeks, with Defendants' consent, to add Mulheim back as a party defendant. (Docs. 44, 46).

## II.     Motion to Amend[1]

Rule 15 of the Federal Rules of Civil Procedure provides the avenue for amending complaints. Rule 15(a) provides for amendments as a matter of course within a 21-day time frame. Rule 15(a)(2) provides an alternative avenue for amendment outside of the 21-day window. See e.g., Murphy v. Secretary, U.S. Department of Army, 769 Fed.Appx. 779, 783 (11th Cir. 2019) ("Once 21 days have passed since filing a complaint, a party may amend her pleading only with the opposing party's written consent or the court's leave."). Specifically, Rule 15(a)(2) of the Federal Rules of Civil Procedure provides:

> **(a) Amendments Before Trial**
> …
> **(2) *Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

As the 21-day window to amend as a matter of course has passed, Kimbrough seeks Rule 15(a)(2) leave of court to add Mulheim as a party defendant. As explained by Plaintiff:

> ....Mulheim was a party....Mulheim was dismissed after filing an affidavit stating it was not responsible for the design, manufacture and/or sale of the equipment. Plaintiff obtained information that indicates Mulheim was in fact involved in the design, manufacture and/or sale of the subject equipment. Mulheim needs to be

---

[1] Kimbrough timely filed the motion for leave to amend on December 2, 2019 in accordance with the Rule 16(b) Scheduling Order. (Doc. 36 at 4).

2

   added to the suit as a party defendant to determine whether it has any responsibility for Plaintiff's injuries...

(Doc. 44 at 1).

  An initial review of Kimbrough's motion to amend his complaint indicated that it was not filed with defendant's consent. (Doc. 44). The court ordered a response from defendant. (Doc. 45). Defendant has now consented. (Doc. 46). As such, the court has before it a motion to amend that is unopposed by defendant.

  Additionally, leave should be freely given "when justice so requires," except in the presence of countervailing factors such as undue prejudice to the opposing party and futility of the amendment. See, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962); Bartronics, Inc. v. Power-One, Inc., 245 F.R.D. 532, 534 (S.D. Ala. 2007). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of Am. Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted). Courts "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962); Donley v. City of Morrow, Ga., 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same)).

  A review of the record reveals no evidence of futility, bad faith, undue delay, dilatory motive, undue prejudice, or of repeated failures to cure deficiencies. Moreover, the Court considers the unique circumstances of Kimbrough's recent discovery about Mulheim: as the entity "involved in the design, manufacture and/or sale of the subject equipment," thus needing "to be added...to determine whether it has any responsibility" to Kimbrough for his injuries.

  Therefore, because the law instructs the Court to "freely give leave" to amend "when justice so requires" -- and Defendant has consented to the proposed amendment adding Mulheim

back as a party defendant – Plaintiff's motion to amend. (Doc. 44 at 5) is **GRANTED**. Additionally, the Clerk is **DIRECTED** to docket Doc. 44 at 5-11 as Plaintiff's Second Amended Complaint, which shall be the operative complaint in this case; and to add Mulheim Pipe Coatings, GMbH as a party defendant in this matter.

    **DONE** and **ORDERED** this the **17th** day of **December 2019**.

                                          **/s/ Kristi K. DuBose**
                                          **KRISTI K. DuBOSE**
                                          **CHIEF UNITED STATES DISTRICT JUDGE**