**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **RONALD KIMBROUGH,** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION: 1:19-00059-KD-C** |
| ) | |
| **RIEDL LEUENSTERN GMBH** ) | |
| **MASCHINENBAU UND** ) | |
| **STEUERUNGSTECHNICK,** *et al.,* ) | |
| **Defendants.** ) | |

**ORDER**

This matter is before the Court on a "Joint Motion for Dismissal" filed by Plaintiff Ronald Kimbrough and Defendant Riedl Leuenstern GMBH Maschinenbau und Steuerungstechnik,. (Doc. 112). Specifically, these parties move to voluntarily dismiss all of the Plaintiff's claims against said defendant, with prejudice, with each party to bear his or its own costs.

Generally, voluntary dismissals are governed by Rule 41 of the Federal Rules of Civil Procedure. The Court's review indicates that the joint motion was not signed by all parties who have appeared in this case as required for dismissal pursuant to Rule 41(a)(1)(A)(ii), and Rule 41(a)(1)(A)(i) is inapplicable as answers (Docs. 28, 52) and a motion for summary judgment (Docs. 108, 109) have been served and filed by Defendant Riedl Leuenstern GMBH Maschinenbau und Steuerungstechnik. Nevertheless, a motion to dismiss or a notice of dismissal under Rule 41 may be filed against one defendant without dismissing the entire action. See, e.g., Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004) ("Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant ..."); Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co.

1

v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 254 (5th Cir. 1973)[1] ("There is little merit in the argument that the court could not dismiss the action as to less than all defendants upon motion [under (a)(2)]...."). Indeed, Rule 41(a)(2) permits a plaintiff to dismiss voluntarily an action "upon order of the court and upon such terms and conditions as the court deems proper." This includes a plaintiff's action as to one (1) defendant. See supra. See also e.g., Family Medicine Pharmacy, LLC v. Goodman, 2021 WL 298418 (S.D. Ala. Jan. 14, 2021) (finding proper a plaintiff's dismissal of less than all defendants via Rule 41(a)(2)).

In this instance, the vehicle through which Plaintiff may accomplish dismissal of his claims against this one defendant is thus Rule 41(a)(2), and "[t]he district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." Pontenberg v. Boston Sci. Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (per curiam). Thus, the Court construes these parties' Joint Motion For Dismissal (Doc. 112) as a Rule 41(a)(2) motion to dismiss Defendant Riedl Leuenstern GMBH Maschinenbau und Steuerungstechnik as a defendant in this case. Upon consideration, it is **ORDERED** that the Joint Motion for Dismissal (Doc. 112) is **GRANTED**, and that Defendant Riedl Leuenstern GmbH Maschinenbau-und Steuerungstechnik is hereby **DISMISSED with prejudice** from this case.

**DONE** and **ORDERED** this the **11th** day of **August 2022.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting all decisions of the former Fifth Circuit announced prior to October 1, 1981, as binding precedent in the Eleventh Circuit).